IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **LONESTAR AIRPORT HOLDINGS, LLC**<br>   *Plaintiff,*<br><br>v.<br><br>**CITY OF AUSTIN, TEXAS,**<br>   *Defendant.* | §<br>§<br>§<br>§    **CIVIL ACTION NO. 1:22-CV00770-RP**<br>§<br>§<br>§<br>§ |

### DEFENDANT'S MOTION FOR ABSTENTION

Defendant THE CITY OF AUSTIN, TEXAS (the "City") moves this Court to abstain from exercising its jurisdiction and to dismiss this case without prejudice.

### I.  OVERVIEW

The City of Austin requests that this Court abstain from exercising its jurisdiction over Plaintiff's claims in this action and dismiss this action without prejudice to refiling after a non-appealable, final judgment has been entered in the parallel state-court condemnation lawsuit involving the City and Plaintiff styled *City of Austin, Texas v. LoneStar Airport Holdings, LLC, and Texas Capital Bank*, Cause No. C-1-PB-22-001462, pending in Probate Court No. 1 of Travis County, Texas (the "Condemnation Lawsuit"). Plaintiff filed this civil action a month and a half after the City filed the Condemnation Lawsuit challenging the City's exercise of the power of eminent domain, requesting declaratory relief, and asserting other state law claims. All of Plaintiff's claims arise out of and can be fully adjudicated in the Condemnation Lawsuit.

The Condemnation Lawsuit is an *in rem* proceeding, and the Texas trial court[1] has jurisdiction to address all of the claims asserted by LoneStar in this case. Abstention in this case, which involves the same parties as the Condemnation Lawsuit, will avoid piecemeal litigation and inconsistent judgments. Additionally, the Texas trial court is in the best position to adjudicate LoneStar's right-to-take claims because Texas law controls. Accordingly, this Court should abstain from exercising its jurisdiction over Plaintiff's claims in this action because resolution of the Condemnation Lawsuit will dispose of all issues between the parties.

## II.   BRIEF PROCEDURAL HISTORY

The City filed the Condemnation Lawsuit on June 17, 2022, naming LoneStar Airport Holdings, LLC as a defendant property interest owner. (Dkt. No. 20-4, Ex. C-3.) The Condemnation Lawsuit seeks to condemn the leasehold interest in the land, improvements, and all other buildings on the property located at Austin-Bergstrom International Airport ("AUS") that is subject to the South Terminal Lease and Concession Agreement ("Lease") by and between the City and LoneStar. (*Id*.) On July 13, 2022, the court in the Condemnation Lawsuit entered an order appointing Special Commissioners. (*Id*. at Ex. C-4.)

Plaintiff filed this lawsuit on August 1, 2002. (Dkt. No. 1.) Plaintiff's Complaint asserts claims against the City for wrongful takings under the United States and Texas Constitutions, declaratory relief related to the alleged unlawful taking, breach of contract, and promissory estoppel. (*Id*. at ¶¶ 108–192.) Plaintiff also seeks preliminary and permanent injunctions prohibiting the City from developing, constructing, or operating an "Expansion" or "New

---

[1] In the Condemnation Lawsuit, the Travis County Probate Court has responsibility for the case through the filing of the special commissioners' award, and, in the absence of objections to the award, through completion of the case. If a party objects to the award, one of the two Travis County Courts at Law will assume responsibility for the case through its conclusion. *See* TRAVIS (TEX.) CCL LOC. R. 2.15.

Facility," as those terms are defined in the Lease, without honoring LoneStar's rights under Article 15 of the Lease and from further pursuing the Condemnation Lawsuit. (*Id*. at p. 47–48; Dkt. No. 20 at 1.) On September 1, 2022, Plaintiff filed its Motion for Preliminary Injunction ("MPI"). (Dkt No. 20.) Concurrently with the filing of this Motion, the City has filed its Response in Opposition to the MPI ("Response"), which incorporates this Motion therein by reference.

### III.   ARGUMENT AND AUTHORITIES

**A.   LEGAL STANDARD**

Abstention from the exercise of federal jurisdiction is the exception, not the rule. *Bank One, N.A. v. Boyd*, 288 F.3d 181, 184 (5th Cir. 2002). Nevertheless, the Supreme Court has recognized an abstention doctrine applicable to this case. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). A district court's decision to abstain from jurisdiction due to a parallel state-court proceeding is reviewed under an abuse of discretion standard. *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 649 (5th Cir. 2000). To the extent the decision rests on an interpretation of law, the review is conducted *de novo*. *Id*. at 649–50.

**B.   ABSTENTION IS PROPER UNDER *COLORADO RIVER*.**

In cases where a plaintiff asserts claims for both declaratory and coercive relief, the Fifth Circuit assesses abstention under *Colorado River*. *See New England Ins. v. Barnett*, 561 F.3d 392, 396 (5th Cir. 2009). The fundamental principle animating *Colorado River* is wise "judicial administration, giving regard to conservation of judicial resources and [the] comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817; *see also African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014).

Deciding "whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460

U.S. 1, 16 (1983). Rather, courts analyze the following six factors and determine "on a case-by-case basis" whether abstention is appropriate: "1) assumption by either court of jurisdiction over a res, 2) relative inconvenience of the forums, 3) avoidance of piecemeal litigation, 4) the order in which jurisdiction was obtained by the concurrent forums, 5) to what extent federal law provides the rules of decision on the merits, and 6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction." *African Methodist*, 756 F.3d at 798; *Black Sea.*, 204 F.3d at 650.

### 1. THE CONDEMNATION LAWSUIT AND THIS CIVIL ACTION ARE PARALLEL PROCEEDINGS.

Two actions are "parallel" if they "involve[e] the same parties and the same issues." *African Methodist*, 756 F.3d at 797. But there "need not be" a "precise identity of parties and issues" for two suits to be parallel. *Id.* Rather, courts examine both the "named parties" and the "substance of the claims asserted in each proceeding." *Id.*; *accord Lumen Constr., Inc. v. Brant Constr. Co., Inc.*, 780 F.2d 691, 695 (7th Cir. 1985) ("[W]e look not to formal symmetry between the two actions, but for a substantial likelihood that the state litigation will dispose of all claims presented in the federal case.").

Both this action and the Condemnation Lawsuit arise out of the City's condemnation of Plaintiff's leasehold interest in the South Terminal. The parties to this lawsuit and the Condemnation Lawsuit are the same.[2] Accordingly, these two actions are "parallel" for purposes of *Colorado River* abstention. *See Lumen Constr., Inc.*, 780 F.2d at 695.

### 2. THE *COLORADO RIVER* FACTORS WEIGH IN FAVOR OF ABSTENTION.

The pertinent *Colorado River* factors also weigh in favor of abstention.

---

[2] The Condemnation Lawsuit also includes a non-diverse lienholder who filed a disclaimer of interest.

### (1) Assumption by Either Court of Jurisdiction Over a Res

Condemnation proceedings are *in rem*. *United States v. Petty Motor Co.*, 327 U.S. 372, 376 (1946); *Reeves v. City of Dallas*, 195 S.W.2d 575, 581 (Tex. Civ. App.—Dallas 1946, writ ref'd n.r.e.). The United States Supreme Court recognizes that the court taking possession of property in an *in rem* proceeding has exclusive jurisdiction to proceed. *Donovan v. City of Dallas*, 377 U.S. 408, 412 (1964); *Princes Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 466 (1939) ("[I]f the two suits are *in rem*, or *quasi in rem*, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought the jurisdiction of the one court must yield to that of the other."). Because the Condemnation Lawsuit is an *in rem* proceeding, the Texas trial court necessarily assumed jurisdiction over the property at issue. *See Donovan*, 377 U.S. at 412. A court's jurisdiction over the res weighs heavily in favor of abstention. *African Methodist,* 756 F.3d at 798–99; *see also Woodruff v. Henry*, No. A-05-CA-858-LY, 2006 U.S. Dist. LEXIS 116620, at *8–10 (W.D. Tex. May 24, 2006) (Pitman, M.J.). Indeed, the Second Circuit has held that this factor weighs so heavily that its presence is dispositive. *Federal Deposit Ins. Corp. v. Four Star Holding Co.*, 178 F.3d 97, 102 (2d Cir. 1999). Accordingly, this factor weighs heavily in favor of abstention because the Condemnation Lawsuit is an *in rem* proceeding and the Texas trial court has assumed jurisdiction over the res in the Condemnation Lawsuit.

### (2) Relative Inconvenience of the Forums

The relative convenience of the forums is neutral because both courts are located in Austin, Texas, within several city blocks of each other. *See Woodruff*, 2006 U.S. Dist. LEXIS 116620, at *9.

### (3) Avoidance of Piecemeal Litigation

"The real concern at the heart of the third *Colorado River* factor is the avoidance of piecemeal litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property." *Black Sea Inv.*, 204 F.3d at 650–51. This factor "weighs heavily" in favor of abstention when "the district court and the state court would each determine the same issues with respect to the same property." *African Methodist*, 756 F.3d at 800.

The Texas trial court has the right to try and decide all questions that may fairly arise out of, or in connection with, the Condemnation Lawsuit. *See In re Breviloba, LLC*, No. 21-0541, 2022 Tex. LEXIS 614, at *3–4 (Tex. June 24, 2022) (orig. proceeding). *In re Breviloba* involved counterclaims brought by a property owner who challenged a condemnor's exercise of the power of eminent domain, asserted state-law claims, and sought over $13 million in compensation. *Id.* at *2. Plaintiff in this case similarly challenges the City's exercise of its eminent domain power, asserts state-law claims, and seeks to recover tens, if not hundreds, of millions of dollars in compensation. All of Plaintiff's claims arise from the City's exercise of its eminent domain power by filing the Condemnation Lawsuit. Plaintiff's unlawful taking claims, request for declaratory relief, and contract claims all relate to the City's condemnation of Plaintiff's leasehold interest.[3] Accordingly, Plaintiff's claims, although meritless, may be asserted as counterclaims and adjudicated in the Condemnation Lawsuit upon completion of the administrative phase. *Id.* at *9; *see also Machetta v. Moren*, 726 Fed. App'x 219, 220 (5th Cir. 2018) (state court is adequate forum for constitutional claims); *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457

---

[3] For example, Plaintiff's Article 15 claim expressly stems from the condemnation. (Dkt. No. 1 at ¶ 162) ("Because the City both refused to compensate Lonestar for its Article 15 rights through condemnation while also refusing to honor those rights with respect to the New Facility, the City breached (and continues to breach) Article 15 and is liable to Lonestar for damages flowing from that breach").

U.S. 423, 431 (1982) ("Minimal respect for the state processes, of course, precludes any *presumption* that the state courts will not safeguard constitutional rights."). Thus, this Court and the court in the Condemnation Lawsuit would each be asked to determine the same issues with respect to the same property interest.

Additionally, the resolution of the Condemnation Lawsuit will dispose of all of the issues between the parties in this civil action because the Condemnation Lawsuit has jurisdiction over all of the necessary parties. Thus, the third factor weighs heavily towards abstention because proceeding on parallel paths could result the "very real" risk that the two courts could make inconsistent rulings with respect to the same property at issue in both cases. *See African Methodist*, 756 F.3d at 800.

### (4)   Order in Which Jurisdiction Was Obtained.

The "order in which jurisdiction was obtained" also slightly favors abstention. *See id.* at 798. "[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Black Sea Inv.*, 204 F.3d at 651. The City filed the Condemnation Lawsuit on June 17, 2022. (Dkt. No. 20-4, Ex. C-3.) Special Commissioners were appointed in the Condemnation Lawsuit on July 13, 2022, and those Commissioners are in the process of setting a hearing to determine the value of Plaintiff's leasehold interest. (Dkt. No. 20-4, Ex. C at ¶ 8, Ex. C-4.) Plaintiff later filed this suit on August 1, 2022. (Dkt. No. 1.) Accordingly, the court in the Condemnation Lawsuit obtained jurisdiction first and a Special Commissioners' Hearing is pending, which would slightly favor abstention.

### (5)   Whether State or Federal Law Will Be Applied

LoneStar's only federal-law claims are its constitutional-takings claim, which is not ripe, and its request for declaratory relief, which is redundant of its unripe takings claims. A property owner's claims under the Takings Clause become ripe "as soon as a government takes his property

for public purpose without paying for it." *Knick v. Township of Scott*, 139 S. Ct. 2162, 2170 (2019). "When statutory condemnation procedures are utilized, a 'taking' occurs when the condemnor takes actual possession of the property or takes constructive possession by depositing the special commissioners' award in the registry of the court." *Weingarten Realty Inv'rs v. Albertson's, Inc.*, 66 F. Supp. 2d 825, 843 (S.D. Tex. 1999), *aff'd*, 234 F.3d 28 (5th Cir. 2000). Thus, Plaintiff's takings claims are not ripe, nor will they become ripe because they will be adjudicated in the Condemnation Lawsuit, and any condemnation award issued in the Condemnation Lawsuit will compensate LoneStar for the taking of its leasehold interest. The remaining claims are all state-law claims, which means there is no bar to LoneStar enforcing its rights in the Condemnation Lawsuit. Accordingly, this factor is, at worst, neutral towards abstention.

### (6) Adequate Protection in State Court

The last factor—the "adequacy of the state proceedings" to protect the parties' rights—is neutral. *See African Methodist*, 756 F.3d at 801. The Fifth Circuit holds that this factor "can only be a neutral factor or one that weighs against, not for, abstention." *Black Sea Inv.*, 204 F.3d at 651. When there is "no indication" that the parties' "interests would not be adequately protected in state court," this factor neither favors nor disfavors abstention. *Id.* As noted above, Plaintiff's interests are adequately protected in the Texas state court because all of Plaintiff's claims can be adjudicated in the Condemnation Lawsuit. *See In re Breviloba, LLC*, No. 21-0541, 2022 WL 2282598, at *3–4. By staying or dismissing this civil action without prejudice, this Court can ensure that the parties rights will be adequately protected in the Condemnation Lawsuit.

To summarize, two of the factors weigh heavily in favor of abstention, one factor weighs slightly in favor of abstention, and three factors are neutral. Notably, two of the three neutral factors can only be neutral or weigh against abstention. *See African Methodist*, 756 F.3d at 801. Accordingly, the facts and circumstances presented here warrant abstention under *Colorado River*.

Dismissal without prejudice is appropriate to ensure that the Texas trial court in the Condemnation Lawsuit will be able to address all state-law remedies. *See Harris Cnty. Comm'n Ct. v. Moore*, 420 U.S. 77, 88 n.14 (1975) (holding that dismissal without prejudice is appropriate in Texas cases "to avoid the possibility that some state-law remedies might otherwise be foreclosed to appellees on their return to state court"); *Cent. Power & Light Co. v. Pub. Util. Comm'n*, 592 F.2d 234, 236 n. 2 (5th Cir. 1979) ("Dismissal without prejudice, rather than a stay, is appropriate in abstention cases in which Texas court are involved.").

### III. CONCLUSION

The City of Austin requests that this Court abstain from exercising its jurisdiction over Plaintiff's claims in this action and to dismiss this action without prejudice to refiling after the Condemnation Lawsuit is resolved by a non-appealable, final judgment. The City of Austin also requests any and all other relief to which it may be entitled.

Respectfully submitted,

**WINSTEAD PC**

By: */s/ Thomas J. Forestier*
  Thomas J. Forestier
  State Bar No. 07256560
  tforestier@winstead.com
  Christopher Robertson
  State Bar No. 24107267
  crobertson@winstead.com
  600 Travis Street, Suite 5200
  Houston, Texas 77002
  Telephone: (713) 650-2749
  Facsimile No.: (713) 650-2400

  Andrew J. Schumacher
  State Bar No. 24051310
  aschumacher@winstead.com
  401 Congress Avenue, Suite 2100
  Austin, Texas 78701

        (512) 370-2800
        (512) 370-2850 (Fax)

-and-

ANNE MORGAN, CITY ATTORNEY
MEGHAN L. RILEY, LITIGATION
DIVISION CHIEF

    Anne L. Morgan, CITY ATTORNEY
    Meghan L. Riley, CHIEF, LITIGATION
    State Bar No. 24049373
    meghan.riley@austintexas.gov
    Angela C. Rodriguez
    Assistant City Attorney
    State Bar No. 24013415
    Angela.Rodriguez@austintexas.gov

City of Austin Law Department
P.O. Box 1546
Austin, TX 78767-1088
Telephone: (512) 974-2458
Facsimile No.: (512) 974-1311

**ATTORNEYS FOR PLAINTIFF,
THE CITY OF AUSTIN**

### CERTIFICATE OF SERVICE

I hereby certify that, on September 22, 2022, I electronically submitted the foregoing document with the clerk of the United States District Court for the Western District of Texas, using the electronic case management CM/ECF system of the Court which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

          */s/ Thomas J. Forestier*
          Thomas J. Forestier