# **EXHIBIT O**

CAUSE NO. _____

| | | |
|---|---|---|
| CITY OF AUSTIN, TEXAS, | § | CONDEMNATION PROCEEDING FILED |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | IN PROBATE COURT NO. 1 |
| | § | |
| LONESTAR AIRPORT HOLDINGS, | § | |
| LLC, and TEXAS CAPITAL BANK, | § | |
| | § | |
| *Defendants.* | § | OF TRAVIS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL STATEMENT AND PETITION FOR CONDEMNATION**

Pursuant to Chapter 21 of the Texas Property Code, THE CITY OF AUSTIN, TEXAS, a Texas home rule city and municipal corporation ("Plaintiff" or "City of Austin") files this Original Statement and Petition for Condemnation (the "Petition") against Defendants LoneStar Airport Holdings, LLC and Texas Capital Bank (collectively "Defendants"; "Defendant Tenant" and "Defendant Lienholder" respectively) and respectfully shows the Court as follows:

**DISCOVERY PLAN AND RELIEF SOUGHT**

1. Pursuant to Rules 190.1 and 190.4 of the Texas Rules of Civil Procedure, discovery is intended to be conducted under a Level 3 discovery plan. Plaintiff seeks monetary relief of $250,000 or less and non-monetary relief. The damages and relief sought are within the jurisdictional limits of this Court. Because Plaintiff seeks non-monetary relief, Rule 169 of the Texas Rules of Civil Procedure regarding the expedited actions process does not apply to this suit. TEX. R. CIV. P. 169.

**EXHIBITS**

2. Plaintiff attaches to this Petition Exhibit A, as referenced below, which Plaintiff incorporates herein by reference as if fully set forth herein.

1

| Exhibit | Interests Described/Depicted |
|---|---|
| A | 25.14 acres of land being a part the Santiago Del Valle Ten League Grant Survey, Abstract No. 24, Travis County, Texas being out of a called 1989.252-acre tract to the City of Austin in a Deed Without Warranty Recorded in Document Number 2002002218 of the Official Public Records of Travis County, Texas |

## PARTIES

3. The City of Austin is a Texas home rule municipality and corporate body politic with all the powers granted to municipal corporations by the Texas Constitution and general and special laws of the State of Texas. The City of Austin is vested with the power of eminent domain under the provisions of Chapters 251 and 273 of the Texas Local Government Code, Chapter 22 of the Texas Transportation Code, the Texas Constitution, and the common law of the State of Texas, to acquire real property interests, for, among other things, the public purpose of airports and landing fields; and the planning, establishing, constructing, improving, equipping, maintaining, operating, regulating, protecting, and policing of airports or air navigation facilities. The City of Austin's principal place of business is in Austin, Travis County, Texas.

4. Defendant, LoneStar Airport Holdings, LLC, a Delaware limited liability company, may be served with Notice of Hearing by and through its Registered Agent, Kimberly Dorrien, at 10000 Logistics Lane, Austin, TX 78719, or wherever else found. In accordance with Section 21.012(c) of the Texas Property Code, a copy of this Petition is being sent to Defendant Tenant by certified mail, return receipt requested, and first-class mail, as well as to Defendant Tenant's counsel via email and electronic filing and service.

5. Defendant, Texas Capital Bank, may be served with Notice of Hearing by and through its Registered Agent, Anna M. Alvarado, at 2000 McKinney Ave., Suite 700, Dallas, TX 75201, or wherever else found. In accordance with Section 21.012(c) of the Texas Property Code,

a copy of this Petition is being sent to Defendant Lienholder by certified mail, return receipt requested, and first-class mail.

6. To the best of Plaintiff's knowledge, Defendants hold, possess or claim some interest in or title to, the leasehold interest in the land, improvements, and all other buildings therein and thereon (the "Subject Property") described and depicted on Exhibit A attached hereto. The Subject Property, from which Plaintiff will acquire title to Defendants' interests, is located at Austin-Bergstrom International Airport ("AUS") in Travis County, Texas in the vicinity of the South Terminal. Plaintiff reserves the right to amend this Petition and add as defendants any additional parties who may subsequently appear to own an interest in the Subject Property.

## JURISDICTION AND VENUE

7. Plaintiff seeks to acquire Defendants' interests in the Subject Property by eminent domain pursuant to chapter 21 of the Texas Property Code. This Court has jurisdiction over this cause under Section 21.001 of the Texas Property Code.

8. Venue is proper under Section 21.013(a) of the Texas Property Code because Travis County is the county in which the Subject Property is located.

## SUIT FOR CONDEMNATION

9. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

10. Plaintiff is in the process of implementing the Airport Expansion and Development Program ("AEDP") at AUS, which includes the expansion of the Barbara Jordan Terminal and the construction of a new Midfield Concourse. The new Midfield Concourse facility will require the relocation of the existing midfield taxiways. Plaintiff determined that the safest, most operationally efficient, and most cost-effective alignment of the future taxiways will require the closure and removal of the South Terminal at AUS. The AEDP has been developed and will be implemented to reflect what is in the best interest of the City of Austin, the City of Austin community, the greater

Central Texas region, and the airlines to pursue a more operationally modern and cost-efficient facility for all airlines and passengers that will keep pace with the region's growing aviation demand.

11. On March 24, 2016, Plaintiff granted the South Terminal Lease and Concession Agreement ("Lease") to Highstar Capital IV, L.P., a limited partnership formed and existing under the laws of the State of Delaware ("Initial Tenant"). The Initial Tenant then assigned the Lease to Defendant Tenant by the Assignment and Assumption Agreement by and between Highstar Capital IV, L.P. and LoneStar Airport Holdings, LLC dated March 24, 2016. Plaintiff and Defendant Tenant amended the Lease by Amendment No. One to the South Terminal Lease and Concession Agreement by and between the City of Austin and LoneStar Airport Holdings, LLC, effective July 1, 2019.

12. The City Council of the City of Austin, duly incorporated, organized and existing under and by virtue of its charter adopted by the electorate pursuant to Article XI, Section 5 of the Texas Constitution, is vested with the power and authority to appropriate private property for public use and purposes by condemnation proceedings and to exercise all of the powers of eminent domain under Section 251.001 of the Texas Local Government Code.

13. The City Council of the City of Austin determined, through a passed and adopted Resolution 20220616-063 (the "Resolution"), that a public use and necessity exists and that it is in the public interest to acquire Defendants' interests in the Subject Property and all improvements and other buildings therein and thereon leased to Defendant Tenant by Plaintiff, if any, for the implementation of the AEDP. By law and as provided by the express terms of the Lease, Plaintiff is entitled to condemn Defendants' interests in the Subject Property for the purposes set forth above and asks that the same be condemned for such purposes.

14.     Based on the Resolution, Plaintiff has been granted the authority to purchase or condemn title to Defendants' interests in the Subject Property and such other interests in real property as are necessary, convenient, or useful for the implementation of the AEDP.

15.     Plaintiff requires Defendants' interests in the Subject Property and such other interests in real property as are necessary, convenient, or useful for the implementation of the AEDP.

16.     Plaintiff made a bona fide offer to acquire Defendant Tenant's leasehold interest in the Subject Property from Defendant Tenant voluntarily as provided by Section 21.0113 of the Texas Property Code.  However, Plaintiff and Defendant Tenant are unable to agree on the value of Defendant Tenant's leasehold interest in the Subject Property.  Plaintiff therefore institutes this eminent domain proceeding to acquire all of Defendants' interests in the Subject Property as Plaintiff is authorized to do under existing law and the express terms of the Lease.

17.     Plaintiff timely provided the Landowner's Bill of Rights Statement in accordance with Section 21.0112 of the Texas Property Code.

18.     In conclusion, Plaintiff seeks to enforce its right of eminent domain for the acquisition of Defendants' interests in the Subject Property under the statutes and laws of the State of Texas and the express terms of the Lease, consistent with the established statutory scheme which the Texas Legislature and Courts have adopted for such purposes.

## DISCLOSURE OF REQUIRED INFORMATION

19.     As provided by Section 21.023 of the Texas Property Code, Plaintiff hereby discloses that Defendants or Defendants' heirs, successors, or assigns may be entitled to repurchase Defendants' leasehold interest in the Subject Property under Subchapter E of Chapter 21 of the Texas Property Code or request from Plaintiff certain information relating to the use of the Subject

Property and any actual progress made toward that use; and that the repurchase price is the price paid to Defendants by Plaintiff at the time Plaintiff acquired the Subject Property through eminent domain.

## CONDITIONS PRECEDENT

20.     All conditions precedent to instituting this condemnation proceeding have occurred or have been performed.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, the City of Austin, Texas, prays that: (1) the Court immediately appoint three disinterested real property owners who reside in Travis County as Special Commissioners and appoint two disinterested real property owners who reside in Travis County as alternate Special Commissioners; (2) that the Special Commissioners promptly set a time and place for hearing at the earliest practical time following twenty (20) days after the order appointing the Special Commissioners and serve notice of the hearing to all parties; (3) that the Special Commissioners assess the actual damages, if any, from the condemnation action and promptly file their written decision and award with the Court; (4) that the Court grant Plaintiff a Writ of Possession to enforce the decision of the Special Commissioners immediately upon payment into the registry of the Court the amount of the Special Commissioners' award; (5) that the Court enter judgment vesting Plaintiff with the property rights sought in this condemnation action; and (6) that the Court award Plaintiff its cost of suit, and any other relief, both general and special, legal and equitable, to which Plaintiff may be entitled.

Respectfully submitted,

**WINSTEAD PC**


By: */s/ Thomas J. Forestier*
    Thomas J. Forestier
    State Bar No. 07256560
    tforestier@winstead.com
    Christopher Robertson
    State Bar No. 24107267
    crobertson@winstead.com
    600 Travis Street, Suite 5200
    Houston, Texas 77002
    Telephone: (713) 650-2749
    Facsimile No.: (713) 650-2400

    Andrew J. Schumacher
    State Bar No. 24051310
    aschumacher@winstead.com
    401 Congress Avenue, Suite 2100
    Austin, Texas 78701
    (512) 370-2800
    (512) 370-2850 (Fax)

-and-

ANNE MORGAN, CITY ATTORNEY
MEGHAN L. RILEY, LITIGATION
DIVISION CHIEF

    Angela C. Rodriguez
    Assistant City Attorney
    State Bar No. 24013415
    Angela.Rodriguez@austintexas.gov
    City of Austin Law Department
    P.O. Box 1088
    Austin, TX 78767-1088
    Telephone: (512) 974-2317
    Facsimile No.: (512) 974-1311

**ATTORNEYS FOR PLAINTIFF,
THE CITY OF AUSTIN**

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of June, 2022, a true and correct copy of the foregoing document was served upon the following parties in compliance with Rule 21a of the Texas Rules of Civil Procedure:

| | |
|---|---|
| Lawrence A. Slovensky<br>King & Spalding LLP<br>1180 Peachtree Street, N.E.<br>Atlanta, GA 30309-3521<br>lslovensky@kslaw.com<br><br>*Attorney for Defendant* | _____ via Certified Mail, RRR<br>_____ via U.S. Mail<br>_____ via Federal Express<br>_____ via Facsimile<br>__X__ via E-mail<br>_____ via Hand Delivery<br>__X__ via CM/ECF System |
| Christopher M. Clough<br>Barron Adler Clough & Oddo, LLP<br>808 Nueces Street<br>Austin, TX 78701<br>clough@barronadler.com<br><br>*Attorney for Defendant* | _____ via Certified Mail, RRR<br>_____ via U.S. Mail<br>_____ via Federal Express<br>_____ via Facsimile<br>__X__ via E-mail<br>_____ via Hand Delivery<br>__X__ via CM/ECF System |
| Kimberly Dorrien<br>LoneStar Airport Holdings, LLC<br>10000 Logistics Lane<br>Austin, TX 78719<br><br>*Registered Agent for Defendant,*<br>*LoneStar Airport Holdings, LLC* | __X__ via Certified Mail, RRR<br>__X__ via U.S. Mail<br>_____ via Federal Express<br>_____ via Facsimile<br>_____ via E-mail<br>_____ via Hand Delivery<br>_____ via CM/ECF System |

| | |
|---|---|
| Anna M. Alvarado<br>2000 McKinney Ave., Suite 700<br>Dallas, TX 75201<br><br>**Registered Agent for Defendant,**<br>**Texas Capital Bank** | __X__ via Certified Mail, RRR<br>__X__ via U.S. Mail<br>_____ via Federal Express<br>_____ via Facsimile<br>_____ via E-mail<br>_____ via Hand Delivery<br>_____ via CM/ECF System |

                                           */s/ Thomas J. Forestier*
                                           Thomas J. Forestier

# EXHIBIT A



**MACIAS & ASSOCIATES, L.P.**
LAND SURVEYORS – FIRM REG. NO. 101141-00

EXHIBIT "_____"

CITY OF AUSTIN
TO
SOUTH TERMINAL
LEASE AGREEMENT

## LEGAL DESCRIPTION FOR

A 23.00 ACRE (1,002,031 SQUARE FEET) TRACT OF LAND IN THE SANTIAGO DEL VALLE TEN LEAGUE GRANT SURVEY, ABSTRACT NO. 24, TRAVIS COUNTY, TEXAS, BEING OUT OF A CALLED 1989.252 ACRE TRACT TO THE CITY OF AUSTIN IN DEED WITHOUT WARRANTY RECORDED IN DOCUMENT NUMBER 2002002218 OF THE OFFICIAL PUBLIC RECORDS OF TRAVIS COUNTY, TEXAS. SAID 23.00 ACRES, SAVE & EXCEPT A 0.34 ACRE TRACT OF LAND, IN TOTAL A 22.66 ACRE TRACT AS SHOWN ON THE ACCOMPANYING SKETCH, BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

**BEGINNING** at a 60d nail set in the interior of the said 1989.252 acre tract, said 60d nail having Texas State Plane Coordinates (Central Zone 4203) of N=10,044,494.22, E=3,137,398.76 for the northwest corner of this tract, from which a ½" iron rod found at an interior angle of said 1989.252 acre tract, also being a northeast corner of a 1033.081 acre tract conveyed to the City of Austin in deed without warranty recorded in Document Number 1999015608 of the Official Public Records of Travis County, Texas, bears N 05°35'01" W a distance of 6,233.50 feet;

**THENCE** through the interior of said 1989.252 acre tract the following forty-eight (48) calls:

1) N 87°26'30" E for a distance of 465.38 feet to a calculated point;

2) S 02°33'30" E for a distance of 130.10 feet to a calculated point;

3) S 41°43'16" W for a distance of 68.12 feet to a calculated point;

4) S 41°42'29" E for a distance of 6.23 feet to a calculated point;

5) N 41°40'08" E for a distance of 203.19 feet to a calculated point;

6) N 87°22'35" E for a distance of 375.79 feet to a point of curvature of a curve to the left;

7) With said curve to the left, having a radius of 100.09 feet, an arc length of 35.74 feet and a chord which bears N 77°33'57" E a distance of 35.55 feet to a calculated point;

8) N 02°41'00" W for a distance of 115.62 feet to a calculated point;

9) N 87°21'57" E a distance of 300.96 feet to a calculated point;

10) S 02°41'00" E a distance of 64.99 feet to a point of curvature of a curve to the left;

11) With said curve to the left, having a radius of 10.00 feet, an arc length of 15.70 feet and a chord which bears S 47°40'07" E a distance of 14.14 feet to a calculated point;

12) N 87°20'47" E a distance of 220.47 feet to a calculated point;

13) N 42°29'14" E a distance of 386.62 feet to a 60d nail set;

14) S 47°30'46" E a distance of 165.53 feet to a calculated point;

15) S 41°19'42" W a distance of 215.92 feet to a calculated point;

16) N 87°20'47" E a distance of 768.04 feet to point of curvature of a curve to the left;

17) With said curve to the left, having a radius of 80.00 feet, an arc length of 83.24 feet and a chord which bears N 57°32'20" E a distance of 79.53 feet to a point of cusp of a curve to the left;

18) With said curve to the left, having a radius of 586.87 feet, an arc length of 283.55 feet and a chord which bears S 13°50'37" W a distance of 280.80 feet to a calculated point;

19) N 53°22'12" W a distance of 142.56 feet to a calculated point;

20) S 72°53'58" W a distance of 96.54 feet to a point of curvature of a curve to the left;

21) With said curve to the left, having a radius of 100.00 feet, an arc length of 52.86 feet and a chord which bears S 57°45'23" W a distance of 52.25 feet to a calculated point;

22) S 42°36'48" W a distance of 53.49 feet to a point of curvature of a curve to the right;

23) With said curve to the right, having a radius of 101.00 feet, an arc length of 79.02 feet and a chord which bears S 65°01'39" W a distance of 77.02 feet to a calculated point;

24) S 87°26'30" W a distance of 834.22 feet to a point of curvature of a curve to the left;

25) With said curve to the left, having a radius of 38.00 feet, an arc length of 33.78 feet and a chord which bears S 61°58'37" W a distance of 32.68 feet to a calculated point;

26) S 36°30'43" W a distance of 59.08 feet to a point of curvature of a curve to the right;

27) With said curve to the right, having a radius of 77.00 feet, an arc length of 68.36 feet and a chord which bears S 61°56'37" W a distance of 66.13 feet to a calculated point;

28) S 87°22'32" W a distance of 431.05 feet to a calculated point;

29) S 42°24'27" W a distance of 29.29 feet to a calculated point;

30) S 02°22'47" E a distance of 126.52 feet to a calculated point;

31) N 87°26'30" E a distance of 20.47 feet to a calculated point;

32) S 02°31'48" E a distance of 175.53 feet to a ½" iron rod set;

33) S 87°26'30" W a distance of 122.30 feet to a calculated point;

34) N 81°25'12" W a distance of 102.72 feet to a point of curvature of a curve to the left;

35) With said curve to the left, having a radius of 24.00 feet, an arc length of 7.81 feet and a chord which bears S 85°33'11" W a distance of 7.77 feet to a point of curvature of a curve to the right;

36) With said curve to the right, having a radius of 283.22 feet, an arc length of 64.46 feet and a chord which bears S 80°30'08" W a distance of 64.32 feet to a calculated point;

37) S 87°26'30" W a distance of 24.73 feet to a calculated point;

38) S 02°33'30" E a distance of 32.01 feet to a calculated point;

39) S 87°41'20" W a distance of 335.00 feet to a 60d nail set, from which a ½" iron rod found at an angle point of said 1989.252 acre tract, also being an angle point of said 1033.081 acre tract bears, S 02°59'04" W a distance of 4,466.08 feet;

40) N 34°49'34" W a distance of 62.77 feet to a calculated point;

41) N 02°33'30" W a distance of 131.94 feet to a calculated point;

42) S 87°26'30" W a distance of 14.65 feet to a calculated point;

43) N 02°33'30" W a distance of 112.45 feet to a calculated point;

5410 South 1st Street • Austin, Texas 78745 • (512) 442-7875 • Fax (512) 442-7876 • www.maciasworld.com

44) N 88°14'17" E a distance of 20.14 feet to a calculated point;

45) N 02°33'40" W a distance of 106.92 feet to a calculated point;

46) S 87°20'47" W a distance of 125.89 feet to a calculated point;

47) N 02°39'13" W a distance of 110.69 feet to a calculated point;

48) N 16°21'19" E a distance of 170.33 feet to the **POINT OF BEGINNING** and containing 23.00 acres (Gross) & 22.66 acres (Net).

**SAVE & EXCEPT - (0.34 ACRE)**

> **BEGINNING** at a 60d nail set in the interior of the said 1989.252 acre tract, said 60d nail having Texas State Plane (Central Zone 4203) coordinates of N=10,044,191.51, E=3,138,090.88
>
> **THENCE** through the interior of said 1989.252 acre tract the following eight (8) calls:
>
> 1) S 02°41'00" E for a distance of 110.23 feet to a calculated point;
>
> 2) S 87°19'00" W for a distance of 109.90 feet to a calculated point;
>
> 3) N 02°41'00" W for a distance of 19.84 feet to a calculated point;
>
> 4) S 87°19'00" W for a distance of 39.41 feet to a calculated point;
>
> 5) N 02°41'00" W for a distance of 70.68 feet to a calculated point;
>
> 6) N 87°19'00" E for a distance of 39.40 feet to a calculated point;
>
> 7) N 02°47'58" W for a distance of 19.74 feet to a calculated point;
>
> 8) N 87°20'24" E for a distance of 109.95 feet to the **POINT OF BEGINNING** and containing 0.34 acre (14,902 sq. ft.) of land;

**TOTAL ACREAGE -   22.66 acres (987,129 sq. ft.) of lease area.**

### NOTE

The coordinates and bearings described herein are Texas State Plane Grid Bearings, (Central Zone-4203), NAD 83.

**THE STATE OF TEXAS** §
§   KNOW ALL MEN BY THESE PRESENTS:
**COUNTY OF TRAVIS** §

That I, Carmelo L. Macias, a Registered Professional Land Surveyor, do hereby state that the above description is true and correct to the best of my knowledge and belief and that the property described herein was determined by a survey made on the ground under my direction and supervision.

WITNESS MY HAND AND SEAL at Austin, Travis County, Texas, this 15th day of November, 2016, A.D.

Macias & Associates, L.P.
5410 South 1st Street
Austin, Texas 78745
512-442-7875

*Carmelo L. Macias*
Carmelo L. Macias
Registered Professional Land Surveyor
No. 4333 – State of Texas

### REFERENCES
AUSTIN GRID NO. N-16
TCAD PARCEL ID NO. 03-1531-06-01
MACIAS & ASSOCIATES, L.P.,
PROJECT NO. 87-43-16



SKETCH TO ACCOMPANY LEGAL DESCRIPTION
SOUTH TERMINAL LEASE AGREEMENT

### LINE TABLE

| NO. | BEARING | DISTANCE |
|---|---|---|
| L1 | S41°43'16"W | 68.12' |
| L2 | S41°42'29"E | 6.23' |
| L3 | N41°40'08"E | 203.19' |
| L4 | N02°41'00"W | 115.62' |
| L5 | S02°41'00"E | 64.99' |
| L6 | N53°22'12"W | 142.56' |
| L7 | S72°53'58"W | 96.54' |
| L8 | S42°36'48"W | 53.49' |
| L9 | S42°24'27"W | 29.29' |
| L10 | S02°22'47"E | 126.52' |
| L11 | N87°26'30"E | 20.47' |
| L12 | S87°26'30"W | 122.30' |
| L13 | N81°25'12"W | 102.72' |
| L14 | S87°26'30"W | 24.73' |
| L15 | S02°33'30"E | 32.01' |
| L16 | S87°26'30"W | 14.65' |
| L17 | N88°14'17"E | 20.14' |
| L18 | S87°20'47"W | 125.89' |

### CURVE TABLE

| CURVE | RADIUS | LENGTH | DELTA | CHORD DIRECTION | CHORD LENGTH |
|---|---|---|---|---|---|
| C2 | 100.09' | 35.74' | 20°27'32" | N77°33'57"E | 35.55' |
| C3 | 10.00' | 15.70' | 89°56'13" | S47°40'07"E | 14.14' |
| C4 | 80.00' | 83.24' | 59°36'55" | N57°32'20"E | 79.53' |
| C5 | 586.87' | 283.55' | 27°40'58" | S13°50'37"W | 280.80' |
| C6 | 100.00' | 52.86' | 30°17'10" | S57°45'23"W | 52.25' |
| C7 | 101.00' | 79.02' | 44°49'43" | S65°01'39"W | 77.02' |
| C8 | 38.00' | 33.78' | 50°55'47" | S61°58'37"W | 32.68' |
| C9 | 77.00' | 68.36' | 50°51'49" | S61°56'37"W | 66.13' |
| C10 | 24.00' | 7.81' | 18°38'03" | S85°33'11"W | 7.77' |
| C11 | 283.22' | 64.46' | 13°02'28" | S80°30'08"W | 64.32' |

### LINE TABLE

| NO. | BEARING | DISTANCE |
|---|---|---|
| L20 | N87°19'00"E | 39.40' |
| L21 | N02°47'58"W | 19.74' |
| L22 | N87°20'24"E | 109.95' |
| L23 | S02°41'00"E | 110.23' |
| L24 | S87°19'00"W | 109.90' |
| L25 | N02°41'00"W | 19.84' |
| L26 | S87°19'00"W | 39.41' |
| L27 | N02°41'00"W | 70.68' |

NOTE:
THIS SURVEY WAS PERFORMED WITHOUT THE BENEFIT OF A TITLE REPORT. RECORD INFORMATION ON THIS DRAWING IS BASED ON A PUBLIC RECORDS SEARCH BY THE SURVEYOR AND MAY NOT INCLUDE ALL EASEMENTS OR INSTRUMENTS PERTAINING TO THIS PROPERTY.

BEARING BASIS:
ALL BEARINGS SHOWN HEREON ARE BASED ON THE STATE PLANE COORDINATE SYSTEM OF TEXAS, CENTRAL ZONE (4203), NAD83 (1986). ALL DISTANCES & COORDINATES SHOWN ARE IN GRID.

PAGE 7 OF 7

Job No.: 87-43-16
Drawn by: P. GUERRERO
Checked by: C. MACIAS

MACIAS & ASSOCIATES, L.P.
LAND SURVEYORS - FIRM NO. 101141-00
5410 SOUTH 1ST STREET
AUSTIN, TEXAS 78745
PH. (512)442-7875 FAX (512)442-7876
WWW.MACIASWORLD.COM

J:\JOBS\AECOM\87-43-16 ABIA MAIN APRON\DWG\874316.dwg

# EXHIBIT A 1.2

