IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LONESTAR AIRPORT HOLDINGS, LLC<br>    *Plaintiff,*<br><br>v.<br><br>CITY OF AUSTIN, TEXAS,<br>    *Defendant.* | §<br>§<br>§<br>§  CIVIL ACTION NO. 1:22-CV-00770-RP<br>§<br>§<br>§<br>§ |

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR ABSTENTION

Defendant City of Austin, Texas (the "City") files this Reply in Support of its Motion for Abstention (Dkt. No. 29) ("Motion").

### I.   OVERVIEW

The Court should abstain from exercising subject matter jurisdiction over Plaintiff's claims because the *Colorado River* factors weigh heavily towards abstention. The two most important *Colorado River* factors are met in this case because the Condemnation Lawsuit already has jurisdiction over Plaintiff's leasehold interest, the res, which elevates the risk of piecemeal litigation concerning the rights afforded under the Lease. Plaintiff's breach of contract and takings claims are directly tied to the value of its leasehold interest and its rights under the Lease. The remedies Plaintiff seeks include the amount of compensation it should obtain as a result of the condemnation of its leasehold rights, damages allegedly due to the City's exercise of its condemnation rights, and a request to enjoin the condemnation of that same leasehold interest. All of these claims can be adjudicated in the Condemnation Lawsuit once the Special Commissioners make an award and that case transitions to the judicial phase. Thus, Plaintiff's interests will be adequately protected in the Condemnation Lawsuit.

Accordingly, the Court should grant the Motion, abstain from exercising its jurisdiction over Plaintiff's claims in this action, and dismiss this action without prejudice to refiling after the Condemnation Lawsuit is resolved by a non-appealable, final judgment.

## II.     ARGUMENT AND AUTHORITIES

A.     **THE CONDEMNATION LAWSUIT AND THIS CIVIL ACTION ARE PARALLEL PROCEEDINGS.**

Despite Plaintiff's claims to the contrary, the Condemnation Lawsuit and this case are parallel because they involve "the same parties and the same issues." *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014) ("In light of our duty to consider wise judicial administration, conservation of judicial resources, and comprehensive disposition of litigation, we look to both the named parties and to the substance of the claims asserted in each proceeding.") (citing to *Lumen Constr., Inc. v. Brant Constr. Co., Inc.*, 780 F.2d 691, 695 (7th Cir. 1985)). When determining whether actions are sufficiently parallel, there is not a "'mincing insistence on precise identity' of parties and issues." *African Methodist*, 756 F.3d at 797–98.

The Condemnation Lawsuit involves the condemnation of Plaintiff's leasehold interest. Plaintiff's claims for breach of Articles 2 and 15 are directly related to the condemnation because Plaintiffs rights and interests under those articles are included in the definition of "Tenant's Interest," which are the interests the parties agreed would be subject to condemnation under Article 34, the Lease's condemnation clause. (Dkt. No. 20-2, Ex. A-1 at p.9 & Art. 34.) The condemnation of the leasehold interest is also the basis of Plaintiff's unlawful takings claims under the United States and Texas Constitutions. During the judicial phase, the Condemnation Lawsuit will necessarily decide the propriety of any taking and the compensation for any such taking. *See In re Breviloba, LLC*, 650 S.W.3d 508, 512 (Tex. 2022) (orig. proceeding). Thus, the Condemnation Lawsuit will necessarily dispose of Plaintiff's breach of contract, estoppel, and constitutional takings claims asserted in this lawsuit. Accordingly, these two actions are "parallel" for purposes

of *Colorado River* abstention. *See Lumen Constr., Inc.*, 780 F.2d at 695 ("[W]e look not to formal symmetry between the two actions, but for *a substantial likelihood that the state litigation will dispose of all claims presented in the federal case*.") (emphasis added).

Plaintiff's reliance on its "current" inability to bring claims in the Condemnation Lawsuit is misplaced and unavailing. The fact that the administrative phase of the Condemnation Lawsuit currently precludes Plaintiff from raising its request for injunctive relief or its other claims does not change the fact that the relief Plaintiff seeks is this case is directly tied to the leasehold interest that is the subject of the Condemnation Lawsuit. Once the judicial phase commences, all of Plaintiff's claims related to the City's condemnation of its leasehold interest in the South Terminal are ripe for adjudication by the state trial court. *See In re Breviloba, LLC*, 650 S.W.3d at 512.

Additionally, relying on law related to the administrative phase, Plaintiff bluntly alleges it will be unable to get a declaratory judgment or injunction in the Condemnation Lawsuit "until after Lonestar is already irreparably harmed and its requested relief rendered moot." Plaintiff's allegation ignores the Texas Property Code's remedies available to it in the event a trial court determines the City did not have the right-to-take if the City elects to obtain possession prior to a final determination on any objections Plaintiff may have to the Special Commissioners' award. *See* TEX. PROP. CODE ANN. § 21.044. Indeed, the availability of these legal remedies and the compensation required to be paid before the City can take possession of the leasehold interest forecloses Plaintiff's suit for injunctive relief and specific performance. *Harris County v. Gordon*, 616 S.W.2d 167, 169 (Tex. 1981).

Further, Plaintiff's arguments and Amended Complaint expose that it really seeks a ruling from this Court that the Texas "Quick Take" statutory scheme is unconstitutional. Plaintiff does not specifically allege such in its briefing and only alludes to the argument in its Amended

Complaint,[1] likely because the Fifth Circuit has already found that the Texas condemnation procedures are constitutional. *Boerschig v. Trans-Pecos Pipeline, LLC,* 872 F.3d 701, 707 (5th Cir. 2017). And its attempts to enjoin the Condemnation Lawsuit prior to the Special Commissioners' award are also contrary to well established Texas law. *Bd. of Regents v. Comanche Apartments, Inc.*, 568 S.W.2d 449, 451 (Tex. Civ. App.—Austin 1978, writ ref'd n.r.e) (citation omitted). All of Plaintiffs claims can be asserted in the judicial phase of the Condemnation Lawsuit, and Plaintiff will be adequately protected under Texas law. *See In re Breviloba, LLC*, 650 S.W.3d at 512. Accordingly, this lawsuit and the Condemnation Lawsuit are sufficiently parallel to warrant abstention. *See African Methodist*, 756 F.3d at 798.

B. **THE STATE TRIAL COURT IN THE CONDEMNATION LAWSUIT ASSUMED JURISDICTION OVER PLAINTIFF'S LEASEHOLD INTEREST, THE RES.**

Plaintiff without citing to any authority claims that because the Condemnation Lawsuit is still in the administrative phase "no court has yet assumed jurisdiction over a res." (Dkt. No. 34 at p. 10). Plaintiff is wrong. The Texas Supreme Court holds that the state trial court in the Condemnation Lawsuit took jurisdiction over Plaintiff's leasehold interest, the res, when the City filed its condemnation petition that specifically identified Plaintiff's leasehold interest. *State v. Nelson*, 334 S.W.2d 788, 790 (Tex. 1960). None of the authority relied upon by Plaintiff explaining the difference between the administrative and judicial phases hold that jurisdiction over the leasehold would not occur until the judicial phase. The state trial court in the Condemnation Lawsuit took jurisdiction over the leasehold interest upon the filing of the City's condemnation petition identifying Plaintiff's leasehold interest, and that "factor weighs heavily in favor of abstention." *African Methodist*, 756 F.3d 788 at 798.

---

[1] (Dkt No. 38 at ¶ 116).

Additionally, Plaintiff's suggestion that this lawsuit is "*in personam*" rather than "*in rem*" ignores that Plaintiff seeks to enjoin and have this Court essentially take over and make rulings regarding the same leasehold interest over which the state trial court has already taken jurisdiction. *See Kline v. Burke Constr. Co.*, 260 U.S. 226, 43 S. Ct. 79 (1922) ("Where the action is *in rem* the effect is to draw to the federal court the possession or control, actual or potential, of the res, and the exercise by the state court of jurisdiction over the same res necessarily impairs, and may defeat, the jurisdiction of the federal court already attached."). Plaintiff seeks to have this Court determine that the City does not have the right to condemn the leasehold interest and at the same time declare that Plaintiff should be compensated for its going concern value as a result of the City's condemnation of that leasehold interest. (Dkt. No. 38 at p. 40.) Plaintiff subjected its leasehold interest to the jurisdiction of this Court, yet it attempts to conceal that fact by referring to the Lease as the "Agreement"[2] and the Condemnation Lawsuit as the "State Court Proceeding." Although not dispositive, the Condemnation Lawsuit's jurisdiction over Plaintiff's leasehold interest weighs heavily towards abstention in this case. *See African Methodist*, 756 F.3d 788 at 798.

C. **THE LEASE'S FORUM SELECTION LANGUAGE IS NOT DISPOSITIVE OF THE COURT'S ABSTENTION ANALYSIS.**

The Lease's forum selection language was insufficient to defeat the City's obligation to file the Condemnation Lawsuit in State Court. Plaintiff does not dispute that parties "cannot confer subject matter jurisdiction on federal courts." *In re Canion*, 196 F.3d 579, 586 (5th Cir. 1999) (citing *Sosna v. Iowa*, 419 U.S. 393 (1975)). Complete diversity did not exist at the filing of the Condemnation Lawsuit because Texas Capital Bank, a lienholder relative to Plaintiff's leasehold interest is a citizen of Texas for diversity purposes. (Dkt. No. 20-4 Ex. 3 at p. 2.) Without diversity,

---

[2] Plaintiff refers to the Lease as the "Agreement" in its response, but the parties used the defined term "Lease" to refer to the same document. (Dkt. No. 20-2, Ex. A-1 at p.1.).

there was no basis for federal jurisdiction in the Condemnation Lawsuit. Thus, the Travis County State Court was the only venue with proper jurisdiction at the time the City filed the Condemnation Lawsuit.

Despite this fact, Plaintiff relies on the forum selection clause throughout its response to claim that the Austin Division of the Western District of Texas is the agreed upon forum for disputes between the parties. Plaintiff correctly recognizes that the Lease's forum selection language is not dispositive. (Dkt. No. 34 at p. 8). While the language may be sufficient to move the inconvenience factor to weigh against abstention, it is not enough to outweigh the heavy weight given to the Condemnation Lawsuit's jurisdiction over the res and the concerns over piecemeal litigation. *See Allen v. Louisiana State Bd. of Dentistry*, 835 F.2d 100, 104–105 (5th Cir. 1988) (inconvenience not factored when other factors weighed heavily towards abstention); *Lumen Constr., Inc.*, 780 F.2d at 695–98 (same).

D. **ABSTENTION WILL AVOID PIECEMEAL LITIGATION.**

Plaintiff's authority suggesting that *res judicata* would avoid any issues of piecemeal litigation, while inapplicable to the facts of this case, illustrates the material risk of piecemeal litigation if the Motion is not granted. Both cases cited by Plaintiff expressly recognize that *res judicata* only avoids piecemeal litigation in cases that do not involve jurisdiction over the res or property. *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir. 1988) ("Because this case does not involve jurisdiction over a res or property, however, there is no danger of inconsistent rulings affecting property ownership"); *Kelly Inv. v. Cont'l Common Corp.*, 315 F.3d 494, 498 (5th Cir. 2002) (relying on *Evanston* and lack of a court asserting jurisdiction of a res).

Here, the threat of inconsistent rulings is real because the Condemnation Lawsuit undeniably already has jurisdiction over the res. This creates a substantial risk that this lawsuit and

the Condemnation Lawsuit will generate different rulings on the City's right to take and the proper valuation of Plaintiff's leasehold interest. Additionally, the resolution of the Condemnation Lawsuit will dispose of all of the issues between the parties in this civil action because the Condemnation Lawsuit has jurisdiction over all of the necessary parties and can hear all of Plaintiff's claims. *See In re Breviloba, LLC*, 650 S.W.3d at 512. Accordingly, the serious threat of inconsistent rulings related to the leasehold interest at issue in the Condemnation Lawsuit weighs heavily in favor of the Court granting an abstention. *African Methodist*, 756 F.3d 788 at 800 (avoidance of piecemeal litigation weighs heavily in favor of abstention).

E.     ORDER IN WHICH JURISDICTION WAS OBTAINED FAVORS ABSTENTION.

Plaintiff does not dispute the Condemnation Lawsuit was filed first. Instead, Plaintiff attempts to persuade this Court that this civil action has progressed further even though there is no answer on file. *See Allen*, 835 F.2d at 104 ("In the meantime, the federal suit had not moved beyond the filing of amended and supplemental complaints."). While there has been significantly more briefing in this case due to Plaintiff's requests for injunctive relief and expedited discovery, the only thing moving this case closer to disposition are the City's motions seeking dismissal.[3]

Plaintiff's statements that "the City has taken no steps to have a [Special Commissioners'] hearing date set" mischaracterize the reason a Special Commissioners' hearing has not already occurred. Plaintiff stalled the Condemnation Lawsuit and is now trying to use this delay to argue this lawsuit has leapfrogged ahead of the state court litigation. In July, the City's counsel contacted Plaintiff's counsel as a professional courtesy in an attempt to confer on dates for a Special Commissioners' Hearing to take place in mid-September. Rather than respond to the City's

---

[3]     And the City's 12(b) motion has now become moot because Plaintiff filed an Amended Complaint (Dkt. No. 38).

counsel, Plaintiff's counsel directly emailed the Special Commissioners stating it would not be possible for Plaintiff to be ready for a Special Commissioners' hearing until November 7, 2022, at the earliest.[4] Thus, the lack of Special Commissioners' hearing to date is the result of Plaintiff's request to push the hearing into November, not any alleged inaction from the City. Because both cases are in preliminary stages, the fact that the Condemnation Lawsuit was first filed leans in favor of abstention. *See African Methodist*, 756 F.3d 788 at 800 (factor slightly weighed towards abstention when state court suit was filed first and neither case "had progressed beyond the initial pleading stage").

F. **PLAINTIFF'S FEDERAL TAKINGS CLAIMS ARE NOT RIPE AND SHOULD BE DISREGARDED FOR PURPOSES OF THE COURT'S ABSTENTION ANALYSIS.**

Understanding that it has no federal law claims if its takings claims are not ripe, Plaintiff attempts to differentiate *Knick* by citing to *Pakdel v. City & Cnty. of San Francisco*, 141 S. Ct. 2226 (2021). But *Pakdel* is a regulatory taking case that does not change *Knick's* holding that a physical taking claim, like Plaintiff alleges here, does not become ripe until the government actually takes "property for public purpose without paying for it." *Knick v. Township of Scott*, 139 S. Ct. 2162, 2170 (2019). Further, *Padkel* holds that in addition to an actual taking, a claim can become ripe when the condemning entity reaches "a conclusive position." *Padkel*, 141 S. Ct. at 2231. The City has not taken a conclusive position related to the leasehold interest that would make Plaintiff's taking claims ripe.

The City will not take a conclusive position, nor is it required to, until after the Special Commissioners conduct a hearing and makes their award. At that point in time, the City may choose at its option to take possession of the leasehold by depositing the award amount into the

---

[4] The subject email is attached hereto as **Exhibit A**.

registry of the state court. TEX. PROP. CODE ANN. § 21.021(a). The City has discretion to make that deposit only if it should desire to immediately take possession of leasehold interest. *Schooler v. State*, 175 S.W.2d 664, 671 (Tex. Civ. App.—El Paso 1943, writ ref'd w.o.m.) (analyzing the predecessor statute to section 21.021 of the Texas Property Code). Thus, the City has the sole discretion to (1) elect to make the necessary deposit in order to take immediate possession or (2) wait until a judgment becomes final before tendering payment. *State v. Rogers*, 772 S.W.2d 559, 563 (Tex. App.—Amarillo 1989, writ denied). Until the City exercises its statutory right of possession, it has not taken a conclusive position.

Plaintiff's takings claims are not ripe, nor will they become ripe because the earliest a conclusive decision will be made by the City is when it decides to deposit the award, which eliminates the essential element of a takings claim requiring that the taking be without compensation. *Knick*, 139 S. Ct. at 2170. Additionally, the assertion of Section 1983 claims does not pose an absolute bar to abstention. *See Lumen Constr., Inc.*, 780 F.2d at 697 ("Similarly, in this case, the presence of federal claims under sections 1981, 1983, 1985, 1986, and 2000d is an important factor to be weighed in balance, but it does not pose an absolute bar."); *Allen*, 835 F.2d at 105 (abstention despite assertions of Section 1983 claims). Accordingly, this factor is, at worst, neutral towards abstention. *See African Methodist*, 756 F.3d 788 at 800–801.

G. **PLAINTIFF'S RIGHTS ARE ADEQUATELY PROTECTED IN THE CONDEMNATION LAWSUIT.**

The only way Plaintiff's rights will not be adequately protected in the Condemnation Lawsuit is if Plaintiff elects not to assert its rights in that case. Plaintiff noticeably fails to address *In re Breviloba*, which holds that Plaintiff will be adequately protected because all of its claims asserted in this case can be adjudicated in the Condemnation Lawsuit. *See In re Breviloba, LLC*, 650 S.W.3d at 512. As discussed above, despite Plaintiff's delay of the Special Commissioners'

Hearing, the Condemnation Lawsuit is moving along just as quickly as this case. Plaintiff's claims that it cannot obtain "prompt" or "complete" resolution in the Condemnation Lawsuit are unsupported, Plaintiff-created, and should be disregarded.

In summary, two of the factors (jurisdiction over the res and avoidance of piecemeal litigation) weigh heavily in favor of abstention, one factor (order in which jurisdiction was obtained) weighs slightly in favor of abstention, two factors (application of state or federal law and adequate protection in state court) are neutral,[5] and one (inconvenience of forum) weighs slightly against abstention. The most important factors are those that weigh heavily towards abstention because the Condemnation Lawsuit has already taken jurisdiction over the leasehold interest and the concerns regarding piecemeal litigation are at its highest when one court has already taken jurisdiction of the res. *African Methodist*, 756 F.3d 788 at 801 ("The exceptional circumstances present here warrant abstention."). Accordingly, the facts and circumstances presented here warrant abstention under *Colorado River*.

## IV.   CONCLUSION

Accordingly, for all the reasons stated above and in the City's Motion for Abstention (Dkt. No. 29), the City requests that this Court abstain from exercising its jurisdiction over Plaintiff's claims in this action and dismiss this action without prejudice to refiling after the Condemnation Lawsuit is resolved by a non-appealable, final judgment. The City of Austin also requests any and all other relief to which it may be entitled.

---

[5] These two factors can only be neutral or weigh against abstention. *See African Methodist*, 756 F.3d at 801.

Respectfully submitted,

**WINSTEAD PC**

By: */s/ Thomas J. Forestier*
    Thomas J. Forestier
    State Bar No. 07256560
    tforestier@winstead.com
    Christopher Robertson
    State Bar No. 24107267
    crobertson@winstead.com
    600 Travis Street, Suite 5200
    Houston, Texas 77002
    Telephone: (713) 650-2749
    Facsimile No.: (713) 650-2400

    Andrew J. Schumacher
    State Bar No. 24051310
    aschumacher@winstead.com
    401 Congress Avenue, Suite 2100
    Austin, Texas 78701
    Telephone: (512) 370-2800
    Facsimile No.: (512) 370-2850

    -and-

    Anne L. Morgan, CITY ATTORNEY
    Meghan L. Riley, CHIEF, LITIGATION
    State Bar No. 24049373
    meghan.riley@austintexas.gov

City of Austin Law Department
P.O. Box 1546
Austin, TX 78767-1088
Telephone: (512) 974-2458
Facsimile No.: (512) 974-1311

**ATTORNEYS FOR DEFENDANT**
**CITY OF AUSTIN, TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that, on October 13, 2022, I electronically submitted the foregoing document with the clerk of the United States District Court for the Western District of Texas, using the electronic case management CM/ECF system of the Court which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

*/s/ Thomas J. Forestier*
Thomas J. Forestier
