## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **LONESTAR AIRPORT** | § | |
| **HOLDINGS, LLC,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL NO. 1:22-CV-00770-RP** |
| **CITY OF AUSTIN, TEXAS,** | § | |
| *Defendant* | § | |

## ORDER

Now before the Court is Plaintiff Lonestar Airport Holdings, LLC's Opposed Motion for Limited Expedited Discovery, filed September 30, 2022 (Dkt. 32); Defendant's Response in Opposition to Plaintiff's Motion for Limited Expedited Discovery, filed October 7, 2022 (Dkt. 36); and Plaintiff's Reply, filed October 10, 2022 (Dkt. 37). By Text Order entered October 3, 2022, the District Court referred Defendant's Motion for Discovery to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

### I.    Background

This dispute concerns the South Terminal at the Austin-Bergstrom International Airport. In March 2016, Plaintiff Lonestar Airport Holdings, LLC ("Lonestar") and Defendant the City of Austin (the "City") entered into a 40-year South Terminal Lease and Concession Agreement (the "Agreement") under which Lonestar renovated and operates the terminal. The City, which has announced plans to demolish the terminal to make room for new taxiways, filed a Petition for Condemnation in Probate Court in Travis County, Texas on June 17, 2022, and a Special Commissioners' Hearing pursuant to Texas Property Code § 21.015 is set for January 31 and

1

February 1, 2023. *City of Austin, Texas v. LoneStar Airport Holdings, LLC and Texas Capital Bank*, No. C-1-PB-22-001462 (Probate Court No. 1, Travis Cnty., Tex. June 17, 2022).

Lonestar filed this lawsuit against the City on August 1, 2022. In its Amended Complaint, Lonestar alleges claims for takings in violation of  the United States and Texas constitutions, breach of contract, and promissory estoppel, and seeks injunctive and declaratory relief, specific performance, damages, costs, and attorneys' fees. Dkt. 38. On November 4, 2022, the undersigned Magistrate Judge issued a Report and Recommendation that the District Court deny the City's Motion for Abstention. Dkts. 29, 47. The City also has moved to dismiss Lonestar's First Amended Complaint (Dkt. 43), which is not yet ripe for determination.

Lonestar has filed a motion for preliminary injunction, asking the Court to enjoin City officials from (1) excluding it from developing new facilities at the airport, and (2) "attempting to take possession of Lonestar's business at the South Terminal, or interfering with Lonestar's relationships with its vendors and tenants, until Lonestar's legal challenges are decided in accordance with the parties' Agreement that all disputes will be heard in this Court." Dkt. 32 at 2; Dkt. 20. The District Court has set a hearing for January 20, 2023 on Lonestar's motion for preliminary injunction. Dkt. 46. Accordingly, the Court proceeds to address Lonestar's motion for expedited discovery in advance of that hearing.

## II.    Legal Standard

A trial court enjoys "wide discretion" to control the "scope and pace of discovery." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990). Although the Federal Rules do not provide a standard for determining whether expedited discovery should be ordered, district courts in this circuit employ a "good cause" standard to determine when to exercise their authority to order expedited discovery. *Acosta v. Willamson Cnty., Tex.*, 1:21-CV-615-LY, 2021 WL 4340514, at *2 (W.D. Tex. Sept. 23, 2021). To determine "good cause," courts consider: "(1) whether a preliminary

injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Stockade Cos. v. Kelly Rest. Grp.*, LLC, No. 1:17-CV-143-RP, 2017 WL 2635285, at *2 (W.D. Tex. June 19, 2017) (quoting *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011)). The party seeking the expedited discovery has the burden to show good cause, and the "subject matter related to requests for expedited discovery should be narrowly tailored in scope." *Accruent, LLC v. Short*, No. 1:17-CV-858-RP, 2017 WL 8811606, at *1 (W.D. Tex. Nov. 8, 2017).

### III.    Analysis

Lonestar seeks to propound nine requests for production and take one Rule 30(b)(6) deposition of the City covering two topics. For ease of reference, the Court adopts the City's numbering of Lonestar's discovery requests in Exhibits A and B to its Response, as follows:

#### Plaintiff's Requests for Production

1. Documents relating to the negotiation, meaning, or enforceability of the Agreement, including without limitation summaries, communications, memoranda, negotiations, term sheets, meeting notes, emails, or presentations.

2. Other City or Department of Aviation ("DOA") contracts involving an "exclusive first right," "right of first refusal," or other preferential rights, or that contemplate additional work or contracts "subject to the City's agreement."

3. Documents sufficient to show all City or DOA contracts awarded in the last decade without a competitive bidding process.

4. Documents sufficient to show whether all contracts entered in connection with the City's Airport Expansion Development Program ("AEDP") were entered following a competitive bidding process.

5. All documents evidencing or reflecting communications between the City and Lonestar's airline tenants, vendors, and other contractors regarding their potential relocation to the Main Terminal or continuing operations at the South Terminal.

6.  All documents evidencing or reflecting communications with Frontier Airlines and Allegiant Air regarding their operations at the South Terminal or regarding Lonestar or Highstar Capital IV, L.P.

7.  All documents related to statements by the City regarding its intention to operate the South Terminal, including relating to the City's statement to bondholders and the investing public that it plans to operate the South Terminal until year-end 2023 and including correspondence with Airport Consultant LeighFisher.

8.  Documents related to the proposal or decision to demolish the South Terminal and develop a new taxiway in its place.

9.  Documents relating to the City's statements that the "City will not operate Plaintiff's business as a going concern" and that "Plaintiff incorrectly claims the City intends to run the South Terminal and Plaintiff's 'business' until at least 2024.

Dkt. 36-1.

## Plaintiff's Requested Deposition Topics

1.  The City's negotiation of the Agreement and the enforceability of Article 15 of the Agreement.

2.  The City's plan to condemn, destroy, or expand the South Terminal and the City's intention (or lack thereof) to operate the South Terminal or move Allegiant and Frontier to the Main Terminal.

Dkt. 36-2.

## A.  Lonestar Has Shown Good Cause for Limited Expedited Discovery

Applying the relevant factors, the undersigned Magistrate Judge finds that Lonestar has established good cause for limited expedited discovery. First, a preliminary injunction hearing is pending, and some of the discovery requested is relevant to the issues that will be presented on preliminary injunction. Factors one and three thus weigh in favor of finding good cause. The second factor, the breadth of the discovery requested, also weighs in favor of a good cause finding. Although some of Lonestar's requests are overbroad, the Court herein narrows the scope of the subject matter requested so that it is tailored to the preliminary injunction issues. Similarly, with respect to the fourth factor, the City argues that it will be burdened by complying with Lonestar's

discovery requests, but does not establish that the burden or expense of the proposed discovery as narrowed in this Order outweighs its likely benefit pursuant to Rule 26(b)(1). More specifically, the City's burdensomeness arguments are directed entirely to Requests for Production Nos. 2 and 3, which the Court denies. The parties do not address the fifth good cause factor, which the Court finds to be neutral.

Because Lonestar has shown good cause for limited expedited discovery before the hearing on its Motion for Preliminary Injunction, the Court proceeds to address its proper scope.

**B.  Requests Without Specific Objection**

While opposing and seeking to delay Lonestar's requests for expedited discovery, the City has not specifically objected to Requests for Production Nos. 5, 6, and 8 and Requested Deposition Topic No. 2. Finding that there is good cause for the limited expedited discovery requested therein, the Court hereby **GRANTS** limited expedited discovery as to these requests and **ORDERS** that the City shall produce documents responsive to the following requests for production **on or before December 9, 2022**:

5.  All documents evidencing or reflecting communications between the City and Lonestar's airline tenants, vendors, and other contractors regarding their potential relocation to the Main Terminal or continuing operations at the South Terminal.

6.  All documents evidencing or reflecting communications with Frontier Airlines and Allegiant Air regarding their operations at the South Terminal or regarding Lonestar or Highstar Capital IV, L.P.

8.  Documents related to the proposal or decision to demolish the South Terminal and develop a new taxiway in its place.

The Court further **ORDERS** that the City shall produce a witness for deposition pursuant to Rule 30(b)(6), at a time and date mutually agreeable to the parties **on or before December 19, 2022**, as to Topic No. 2: "The City's plan to condemn, destroy, or expand the South Terminal and the City's intention (or lack thereof) to operate the South Terminal or move Allegiant and Frontier to the Main Terminal."

**C.  Disputed Requests for Production**

With respect to Request for Production No. 1, seeking "documents relating to the negotiation, meaning, or enforceability of the Agreement," the Court agrees with the City that such documents appear to constitute parol evidence not relevant at this stage of the proceeding, and also that the requested communications between the City and Lonestar are within Lonestar's possession, custody, or control. Accordingly, Lonestar's Request for Production No. 1 is **DENIED**.

The Court also **DENIES** Lonestar's Requests for Production Nos. 2, 3, and 4, concerning other contracts into which the City has entered. The Court finds that these requests are not narrowly tailored to address matters relevant to the preliminary injunction hearing, and the City has shown that the burden of their production outweighs their likely benefit at this stage of the proceeding.

Finally, the City also objects on the grounds of relevancy to Requests for Production Nos. 7 and 9, for documents relating to its statements that it does or does not intend to operate the South Terminal. The City contends that Request No. 7 "serves no valid purpose and seeks irrelevant information because it is based on the false and unsupported allegation in [Lonestar's Motion for Preliminary Injunction] that the City intends to operate the South Terminal until 2024." Dkt. 36 at 7. The City cites its Response to the Motion for Preliminary Injunction, which states in part that:

> Plaintiff incorrectly claims the City intends to run the South Terminal and thus Plaintiff's "business" until at least 2024. That statement is false and misstates the facts. The City has maintained since July 2021 that the South Terminal needs to be demolished for the sake of new midfield taxiways as part of AEDP. **There must be a transition process in order to relocate in an orderly fashion the airlines, vendors, contractors, and other occupants of the South Terminal, while protecting also the interests of their employees and the passengers.** (emphasis added) (citations omitted).

Dkt. 30 at 15 n.15. Accordingly, Lonestar's Requests for Production Nos. 7 and 9 are **GRANTED** to the extent that the City is **ORDERED** to produce documents sufficient to show the "transition process" for the South Terminal **by December 9, 2022**. Otherwise, these requests are **DENIED**.

**D.  Disputed Deposition Topic**

Finally, the City objects to Lonestar's request to depose its representative as to Topic No. 1: "The City's negotiation of the Agreement and the enforceability of Article 15 of the Agreement." The City contends that discovery regarding parol evidence should not be permitted before any determination by the Court as a matter of law that Article 15 is ambiguous, which Lonestar has not alleged. The Court agrees that the requested discovery is premature pending the Court's consideration of the Agreement as a matter of law and **DENIES** Lonestar's request on that basis.

## IV.    Conclusion

In sum, Plaintiff Lonestar Airport Holdings, LLC's Opposed Motion for Limited Expedited Discovery (Dkt. 32) is **GRANTED IN PART and DENIED IN PART**. As detailed above, the City is **ORDERED** to produce documents responsive to the requests for production granted by the Court **on or before December 9, 2022**, and shall produce a witness for deposition on Topic No. 2 pursuant to Rule 30(b)(6) **on or before December 19, 2022**.

The parties **by mutual agreement** may modify the scope or timing of the limited expedited discovery ordered herein.

Any relief not expressly granted in this order is hereby **DENIED**.

**SIGNED** on November 4, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE