IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **LONESTAR AIRPORT HOLDINGS, LLC,** § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> **CITY OF AUSTIN, TEXAS,** § <br> *Defendant.* § | **CIVIL ACTION NO.** <br> **1:22-CV-00770-RP** |

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendant the City of Austin, Texas ("Defendant" or the "City") pursuant to Federal Rule of Civil Procedure 26 files this Motion for Protective Order ("Motion"), seeking to protect certain information sought by a subpoena ("Subpoena") served by Plaintiff LoneStar Airport Holdings, LLC ("Plaintiff" or "LoneStar") on non-party witness, Paslay Management Group, L.P. d/b/a Paslay Group ("PMG").

### I.  BACKGROUND

On February 17, 2023, Plaintiff served a non-party subpoena on PMG. **Exhibit A**. Plaintiff extended PMG's deadline to comply with the Subpoena until April 14, 2023 by agreement between the parties. The City seeks a protective order with respect to certain documents because PMG acted as a "client representative" of the City for certain matters, and the communications that occurred while acting as a client representative are protected by the attorney-client privilege and exempt from disclosure under the work product doctrine.

### II.  ARGUMENTS & AUTHORITIES

**A.    Legal Standard**

The Federal Rules authorize the Court to issue protective orders for good cause shown. FED. R. P. 26(c)(1). The burden is upon the party seeking the protective order to demonstrate its necessity. *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998). Protective orders are warranted

1

when a party demonstrates good cause and a specific need for protection. *See Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). This Court has broad discretion to enter a protective order or otherwise restrict or modify discovery requests. *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985). This specifically includes the discretion to enter an order establishing parameters on discovery to prevent the disclosure of confidential information. FED. R. CIV. P. 26(c)(1)(G).

This Court sits in diversity and the Texas attorney-client privilege governs claims of privilege. *See* FED. R. EVID. 501. Under Texas law, the elements of the attorney-client privilege are: (1) a confidential communication; (2) made for the purpose of facilitating the rendition of professional legal services; and (3) between or amongst the client, lawyer, and their representatives. TEX. R. EVID. 503(b). "A communication is 'confidential' if not intended to be disclosed to third persons other than those: (A) to whom disclosure is made to further the rendition of professional legal services to the client; or (B) reasonably necessary to transmit the communication." TEX. R. EVID. 503(a)(5).

The Texas Rules of Evidence define a "client representative" as "(A) a person who has authority to obtain professional legal services for the client or to act for the client on the legal advice rendered; or (B) any other person who, to facilitate the rendition of professional legal services to the client, make or receives confidential communication while acting in the scope of employment for the client." TEX. R. EVID. 503(a)(2). Communications between an entity and its inside counsel are protected in the same manner and to the same extent as communications with outside counsel. *United States v. Mobil Corp.*, 149 F.R.D. 533, 537 (N.D. Tex. 1993).

The work-product doctrine provides for the qualified protection of documents and tangible things prepared by or for a party or that party's representative "in anticipation of litigation or trial." FED. R. CIV. P. 26(b).

**B.      PMG's Work for the City**

The City engaged PMG to "provide guidance and direction to ABIA Executives on the implementation of the Airport Master Plan and the next ten (10) years of [the Capital Improvement Program ("CIP")]." *See* Declaration of Susana Carbajal attached hereto as **Exhibit B** ¶4; Ex. B-1. On February 28, 2019, PMG responded to the City's Request for Qualification Statements. Ex. B ¶5; Ex. B-2. On April 29, 2019, the City's procurement office recommended that PMG be awarded the contract. Ex. B ¶5; Ex. B-3. On June 20, 2019, the City Council approved awarding the contract for work on the CIP for the Department of Aviation ("AUS") to PMG. Ex. B ¶5; Ex. B-4. PMG's engagement involved privileged communication and in-house and outside counsel. *See* Ex. B ¶¶6–8.

Beginning in June 20, 2019, the City communicated with and enlisted the help of PMG for assistance in moving forward with the CIP. *See* Ex. B ¶5; Ex. B-4. PMG assisted the City with the negotiations and communications with LoneStar regarding the acquisition of the South Terminal Lease. *See* Ex. B ¶9. PMG's assistance relating to the negotiations and communications with LoneStar began after Ms. Yaft's November 7, 2019 letter advising of the City's desire to acquire the South Terminal at which point the City began to anticipate litigation with LoneStar regarding the South Terminal Lease. *See Id*.

The City believed that its communications with its legal counsel and PMG were confidential, and the City intended those communications to remain confidential. *Id*. ¶7. At the time the communications were made, the City believed litigation with LoneStar was a possibility because of LoneStar's stance relating to its alleged rights under the South Terminal Lease. *Id*. ¶9.

3

The City included PMG on such communications in order for PMG to assist the City in obtaining legal advice pursuant to the PMG's engagement. *Id*. ¶7

Additionally, PMG engaged the law firm of Nossaman LLP ("Nossaman") on behalf of the pursuant to PMG's engagement. *Id*. ¶8. PMG, as such, participated in conversations on the City's behalf with Nossaman. *Id*.

C.      **The Court Should Protect the Privileged Communications from Disclosure.**

The City has identified 50 communications that should be withheld from production that are privileged communications where PMG acted as the City's "client representative."[1] Texas law protects communications involving client representatives that are made in connection with (1) the rendition of professional legal services, or (2) anticipated litigation. TEX. R. EVID. 503; *Homeland Ins. Co. of New York v. Clinical Pathology Labs., Inc*., Civ. No. 1-20-CV-783-RP, 2022 U.S. Dist. LEXIS 213313 at *11 (W.D. Tex. Nov. 28, 2022) (Mag. Hightower).

The City included PMG in its communications with counsel to assist the City in obtaining legal advice related to the South Terminal Lease and the negotiations with LoneStar regarding the South Terminal. *See* Ex. B ¶¶11–15. PMG participated in communications with the City's in-house legal counsel regarding legal matters relating to the South Terminal and PMG's participation in meetings with LoneStar regarding the South Terminal. *Id.* The City relied upon PMG to assist it with negotiations and communications with LoneStar regarding the South Terminal, because of PMG's personal knowledge of those negotiations and PMG's role in the implementation of the CIP. *See id*. ¶¶4, 11–15. These communications at issue in this motion occurred after the City began to anticipate the need for litigation relating to the South Terminal in late 2019 after

---

[1]     The privilege log for the documents at issue are attached as **Exhibit C**.

exchanging various communications with LoneStar that indicated LoneStar's threatening positions relating to the City's plans. *Id*. ¶9.

Additionally, the privilege log demonstrates that PMG was primarily responsible for the communications made with Nossaman regarding obtaining the rendition of legal services pursuant to PMG's engagement. *Id*. ¶8. The 50 documents identified in the attached privilege log should be protected from disclosure because they are communications made with PMG as a client representative that were made in connection with (1) the rendition of professional legal services, or (2) anticipated litigation over the South Terminal. Accordingly, the City requests that the Court enter the attached order protecting these privileged documents from disclosure.

## PRAYER

The City respectfully requests that this Court grant its Motion in its entirety and enter an order protecting the 50 documents identified in the City's privilege log from disclosure. The City further requests that the Court award any and all further relief to which it will show itself entitled.

Respectfully submitted,

**WINSTEAD PC**

By: */s/ Thomas J. Forestier*
Thomas J. Forestier
State Bar No. 07256560
tforestier@winstead.com
Christopher Robertson
State Bar No. 24107267
crobertson@winstead.com
600 Travis Street, Suite 5200
Houston, Texas 77002
Telephone: (713) 650-2749
Facsimile No.: (713) 650-2400

Stephen R. Clarke
State Bar No. 24069517
sclarke@winstead.com
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 745-5400
Facsimile No.: (214) 745-5390

-and-

Anne L. Morgan, CITY ATTORNEY
Meghan L. Riley, CHIEF, LITIGATION
State Bar No. 24049373
meghan.riley@austintexas.gov

City of Austin Law Department
P.O. Box 1546
Austin, TX 78767-1088
Telephone: (512) 974-2458
Facsimile No.: (512) 974-1311

-and-

**DOYLE & SEELBACH PLLC**

Andrew J. Schumacher
Texas State Bar No. 24051310
andrew@doyleseelbach.com
13215 Bee Cave Parkway, Suite A220
Austin, Texas 78738
Telephone: (737) 270-9951
Facsimile No.: (512) 960-4893

**ATTORNEYS FOR DEFENDANT,
THE CITY OF AUSTIN**


## CERTIFICATE OF SERVICE

I hereby certify that, on April 14, 2023 I electronically submitted the foregoing document with the clerk of the United States District Court for the Western District of Texas, using the electronic case management CM/ECF system of the Court which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

 */s/ Thomas J. Forestier*
Thomas J. Forestier

## CERTIFICATE OF CONFERENCE

I hereby certify that on April 13, 2023, counsel for Paslay Group advised that in its conferences with Plaintiff, Plaintiff's counsel advised that any communication that did not include an attorney was not privileged. Based on this conversation, the City understood that to mean it would need to seek protection of such privileged documents and that Plaintiff was opposed to such relief. Defendant shall continue attempting to confer with Plaintiff's counsel on this Motion and shall supplement this Certificate of Conference upon completion of the conference.

 */s/ Thomas J. Forestier*
Thomas J. Forestier